IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAMORRIS HUDSPETH, 1251915, | ) | |
|       Petitioner, | ) | |
| v. | ) | No. 3:06-CV-1791-K |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division | ) | |
|       Respondent. | ) | |
| | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.    Procedural Background**

Petitioner pled guilty to attempted aggravated sexual assault of child, enhanced by a prior felony. He also pled guilty to assault of a public servant. *State of Texas v. Lamorris Hudspeth*, F-0471108 and F-0419532 (292nd Jud. Dist. Ct., Dallas County, Tex., April 23, 2004). The court sentenced Petitioner to forty years confinement on the attempted sexual assault conviction and ten years confinement on the assault of a public servant conviction, to run concurrently.

The Fifth District Court of Appeals affirmed Petitioner's convictions. *Hudspeth v. State*, Nos. 05-04-00653-CR and 05-04-00654-CR, 2005 WL 1111424 (Tex. App. – Dallas, 2005, pet. ref'd). On October 26, 2005, the Court of Criminal Appeals refused Petitioner's petitions for discretionary review. *Hudspeth v. State*, PDR Nos. 0890-04 and 0891-04.

On January 27, 2006, Petitioner filed two state applications for writ of habeas corpus. *Ex parte Hudspeth*, Nos. 64,200-01, -02. On June 28, 2006, the Court of Criminal Appeals denied the petitions without written order.

On September 25, 2006, Petitioner filed this federal petition. He argues: (1) his guilty plea was involuntary; and (2) he received ineffective assistance of counsel.

## II.    Discussion

**1.    Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the

United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

**2**. **Voluntariness of Plea/Ineffective Assistance of Counsel**

Petitioner claims his guilty plea was involuntary because his counsel led him to believe he would receive deferred adjudication probation.

As a general rule, a defendant may not collaterally attack a voluntary and intelligent guilty plea. *Taylor v. Whitley*, 933 F.2d 325, 327 (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) and *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Before the trial court may accept a guilty plea, it must ensure that the defendant "has a full understanding of what the plea connotes and of its consequences." *Taylor*, 3933 F.2d at 330 (5th Cir. 1991) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). A plea is involuntary, and therefore insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Taylor*, 933 F.2d at 330 (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

In this case, Petitioner has not shown that his plea was involuntary. The state record shows that Petitioner agreed to enter open pleas of guilty. *Ex parte Hudspeth*, Nos. 64,200-01, -

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 3**

02 at 34, 41.  Further, the Plea Agreements contained the court's admonishment showing that: (1) Petitioner was charged with attempted aggravated sexual assault of a child.  The charge constituted a first degree felony, with a range of punishment from five to ninety-nine years imprisonment; and (2) Petitioner was charged with assault of a public servant.  The charge constituted a third degree felony, with a punishment range from two to ten years confinement. *Id*.  Petitioner signed the Plea Agreements under the Acknowledgment paragraphs which stated:

> I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonishments and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences.  I request that the Court accept all my waivers, statements, agreements, and my plea.

*Id*. at 35; 42.

During the hearing on Petitioner's motion for new trial, Petitioner testified that he understood from his defense counsel that the judge would sentence him to probation. (Mot. For New Trial at 5-8).  He also stated he dropped out of school in the ninth grade, that he has learning difficulties.  *Id*.  Petitioner's mother also testified that she understood that Petitioner would be sentenced to probation. (*Id*. at 11-13).  Petitioner's trial counsel, however, testified that he reviewed with Petitioner in detail the ramifications and possible consequences of pleading guilty and going open to the court for punishment. (*Id*. at 19).  Defense counsel stated that he informed Petitioner that he was not a good candidate for probation. (*Id*. at 20).  Counsel stated that Petitioner responded, "'Well, it's not up to you, Mr. Blocker, and the probation officer said it's not up to her.  I prayed about this and, you know, I think Judge Wade it going to go my way.'" *Id*.

On direct appeal, the state court found that Petitioner failed to show that his plea was involuntary. *Ex parte Hudspeth*, No. 64,200-02 at 42. Petitioner has not shown that this decision was contrary to or involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Further, Petitioner has failed to show that his counsel was ineffective because he waived the presence of the court reporter during the plea hearing. A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding. *See Tollett*, 411 U.S. at 265. This includes claims of ineffective assistance of counsel that do not implicate the validity of the plea itself. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir 2000). Petitioner has not shown how the absence of a court reporter rendered his plea involuntary, or that the claim raises a jurisdictional issue. Petitioner's claim should be denied.

**3. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 15th day of November, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 7**